IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #057711-068**                                          **PETITIONER**

**VS.**                                                   **CIVIL ACTION NO. 5:09cv148-DCB-MTP**

**BRUCE PEARSON, Warden**                                                  **RESPONDENT**

## ORDER

This matter is before the court on a Motion for Rule 11 Sanctions [13] filed by Petitioner. In the motion, Petitioner argues that although Respondent avers in its Answer [12] that Petitioner was considered for placement in a Residential Reentry Center (RRC) on two occasions, he was never, in fact, considered for such placement. When the statements at issue were made by Respondent in the Answer, Respondent and counsel believed in good faith that they were true, based upon a reasonable investigation. After Petitioner filed the instant motion, Respondent and counsel conducted an additional inquiry, after which it was determined that the statements had been made in error. *See* Declaration of Vincent E. Shaw (Exh. A to Response [21] to Motion) ¶¶ 9-12.[1] Respondent has corrected the error and has filed an Amended Answer. *See* [20].

Based on these facts, the court finds no basis to award Rule 11 sanctions against

---

[1] Mr. Shaw is Senior Litigation Counsel in the Southeast Regional Office of the Federal Bureau of Prisons (BOP). He provides legal assistance to the United States Attorney's Office in the instant case, and assisted in the preparation of the Answer. *See* Shaw Decl. ¶¶ 1-3, 8-11. Mr. Shaw explained that while he was compiling his litigation report for the United States Attorney's Office, having discussed Petitioner's case with BOP staff, and having reviewed the records, including Petitioner's administrative remedy filings and documentation in his Central File, he believed that Petitioner had made a request for immediate placement in an RRC during his October 2009 program review, and that staff had considered the request. Mr. Shaw was also under the impression that Petitioner had been considered for RRC placement in June 2009. However, after the instant motion was filed, Mr. Shaw attempted to obtain declarations from BOP staff explaining their review of Petitioner's requests, at which point he discovered that Petitioner did not, in fact, request RRC placement and, therefore, BOP staff had not conducted a review of Petitioner. Mr. Shaw concedes that he made a mistake, and that he should have sought declarations from the staff prior to the filing of Respondent's Answer. *See* Shaw Decl. ¶¶ 8-10.

Respondent. The statements at issue were made in good faith, based upon the facts known to Respondent and his attorney at the time, after conducting a reasonable investigation. *See* Fed. R. Civ. P. 11(b) (providing that by presenting a pleading to the court, an attorney "certifies that *to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances*...(3) the factual contentions have evidentiary support....) (emphasis added); *see also* Fed. R. Civ. P. 11 advisory committee's note (1983) ("The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading...was submitted."). Moreover, once Respondent became aware of the error, an investigation was promptly conducted and Respondent corrected the error by filing an Amended Answer. *See* Fed. R. Civ. P. 11 advisory committee's note (1993) (stating that litigants are generally protected "against sanctions if they withdraw or correct contentions after a potential violation is called to their attention."). Accordingly, the court finds that the motion should be denied.[2]

IT IS, THEREFORE, ORDERED AND ADJUDGED that Petitioner's Motion for Rule 11 Sanctions [13] is denied.

SO ORDERED AND ADJUDGED this the 16th day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] The court also notes that it does not appear that Petitioner complied with Rule 11's "safe harbor provision," which provides that a motion for sanctions shall not be filed until at least 21 days after being served (to allow the non-moving party time to correct the challenged pleading). *See* Fed. R. Civ. P. 11(c)(2); Fed. R. Civ. P. 11 advisory committee's note (1993).