IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                                               PLAINTIFF

VS.                                      CIVIL ACTION NO. 5:09cv148-KS-MTP

BRUCE PEARSON, WARDEN                                          DEFENDANT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION DISMISSING THE PLAINTIFF'S PETITION WITH PREJUDICE

BEFORE THE COURT are the *pro se* Petitions of Frederick Banks for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241. Having considered the Petitions, the Answer [ ], Reply [ ], Amended Answer [20], the Reply [22] to Amended Answer, the Supplemental Reply [26] to Amended Answer, all matters made a part of the record in this case, as well as applicable law, this Court is of the opinion that the Petitions should be denied and dismissed with prejudice.

## I. PROCEDURAL HISTORY

Petitioner Frederick Banks is currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo City). On February 25, 2005, he was convicted of three counts of mail fraud, copyright infringement, money laundering, uttering and possession of a counterfeit or forged security, and witness tampering in the United States District Court for the Western District of Pennsylvania and was sentenced to serve a term of 60 months. *See* Exh. A to Amended Answer. Petitioner was thereafter sentenced to an additional 63 months (consecutive to the previous sentence) on a conviction for mail fraud in the United States District Court for the Western District of Pennsylvania. *See id.* Petitioner is projected to be released from Bureau

of Prisons (BOP) custody on May 23, 2013.

In the instant Petitions, filed pro se by Petitioner on September 8, 2009 (5:09cv148) and October 19, 2009 (5:09cv174), Petitioner alleges that BOP staff have refused to consider and/or appropriately review his requests for immediate transfer to a Residential Reentry Center (RRC). Thus, he requests the court to intervene and direct the BOP to consider his request for an immediate placement at an RRC. *See* Petitions. Magistrate Judge Michael T. Parker entered his Report and Recommendation [27] in the present case on March 22, 2010. The Petitioner filed his Objection [28] to the Report and Recommendation on March 29, 2010. The Court will address the Petitioner's objections below.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTION AND ANALYSIS

In his Objection [28], Petitioner Banks argues that in exhausting his administrative remedies for past grievances stemming from his desire to be relocated to an RCC that he had already exhausted administrative remedies for this "issue." However, this argument is fundamentally flawed, and, in making this argument, Banks implicitly admits that he has not exhausted administrative remedies for this specific grievance. As correctly and clearly stated in the Report and Recommendation [27], administrative remedies must be exhausted before a prisoner may bring suit under 28 U.S.C. § 2241. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *see also Mayberry v. Pettiford,* 74 Fed. Appx. 299, 299 (5th Cir. 2003) (recognizing application of judicially-created exhaustion requirement to section 2241 petition). The failure to exhaust merits dismissal without prejudice. However, the Report and Recommendation correctly goes further in examining the merits of the case.

Petitioner Banks has a projected release date May 23, 2013. Banks filed the immediate Petitions on September 8, 2009 and October 19, 2009 – both over three and a half years prior to his projected release date. Lisa Chisholm responded to Petitioner's July 19, 2009 request for immediate placement in an RCC by informing the Petitioner that "[i]n accordance with [BOP's] guidance regarding placement in Residential Re-Entry Centers (RRC) and the Second Chance Act, you will be reviewed for placement in an RRC 17-19 months prior to release.""[i]n accordance with our guidance regarding placement in Residential Re-Entry Centers (RRC) and the Second Chance Act, you will be reviewed for placement in an RRC 17-19 months prior to release." The Petitioner has failed to present any proof that the BOP must do anything beyond considering an inmate's request for RRC placement and applying the

appropriate factors. *See Brown v. Rios*, 2009 WL 5030768, at * 8 (D.Minn. Dec. 14, 2009) (all that the Petitioner is entitled to, under [18 U.S.C. § 3624(c)] is an individualized evaluation of the appropriate RRC placement for his reentry, in light of the specific factors outlined in Title 18 U.S.C. § 3621(b)."); *Reid v. Dewalt*, 2009 WL 383404, at *6 (E.D. Ky. Feb. 11, 2009) (the "Second Chance Act does not . . . mandate that every federal prisoner is entitled to twelve-months, or even six-months, in pre-release CCC status"); *Safa v. Phillips*, 2008 WL 2275409, at * 1 (N.D.W.Va. June 2, 2008) ("Inmates are not entitled to six months CCC placement, rather they are entitled to have their placement considered in accordance with the five factors enumerated in 18 U.S.C. § 3621(b)."). Furthermore, given that Petitioner Banks is not projected to be release until May 23, 2013, this claim in entirely premature as there is plenty of time remaining for him to be offered the privilege of serving a six or twelve month portion of his sentence in an RCC.

Petitioner Banks also reasserts his equal protection claim in his Objection, and he has again failed to provide any evidence of any actual discrimination that could give rise to an equal protection claim. Therefore, this Court argees with the Magistrate Judge Parker's Recommendation that this Petition is without merit and should be dismissed with prejudice.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Banks' motion [14] lacks merit and should be denied. The Court further concludes that the Report and Recommendation is an accurate statement of the

4

facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Petition [1] is **dismissed with prejudiced**.

SO ORDERED AND ADJUDGED on this, the 16th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE